CITY OF GARFIELD HEIGHTS, Appellee,

v.

GIPSON, Appellant.

[Cite as *Garfield Hts. v. Gipson* (1995), 107 Ohio App.3d 589.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68849.

Decided Dec. 1, 1995.

*James J. McGrath IV,* for appellee.

*Paul Mancino, Jr.,* for appellant.

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Nathaniel Gipson appeals from his conviction for driving without a valid driver's license, not driving within lanes, and operating with expired license plates. For the charge of driving under suspension, the appellant was sentenced to a term of imprisonment of one hundred eighty days, one hundred twenty of which were suspended, and he was fined $1,000, of which $650 was suspended. On the other two counts the appellant was fined $50.

The appellant was cited for the above offenses on February 9, 1995 and was arraigned on February 28, 1995. It is apparent from the record that at the time of the arraignment, the appellant and other unknown and unspecified defendants as a group were read standard instructions by the trial court. The appellant was then individually addressed as to his particular offenses.

In the first instance, the court informed the entire group regarding their constitutional rights. They were informed that in a criminal matter there is a right to counsel at all stages of the proceedings, that there is a right to a continuance in order to seek the advice of counsel even if the intention is to enter a plea of guilty or no contest, and that the court will appoint an attorney where the defendant is without funds if the court is so informed. The court went on to state that the case would be reset and that an indigency hearing would be held, and that if the court determines a defendant to be indigent, an attorney will be appointed in a case where there is a possibility of incarceration as part of the sentence.

The group of defendants was given a form entitled "Statement of Rights, Waiver of Counsel and Jury." They were instructed to review the document and then informed as to the pleas available and the procedure followed in each

instance. Specifically, the court stated that a plea of no contest is tantamount to a plea of guilty with some exceptions. The court informed the defendants that in a no contest plea, the defendant admits without contest that the facts before the court are true, that the court would review the complaint and other evidence, and that if the record indicates a crime was committed, the court would enter a finding of guilt. Once such a finding is made, the court will then proceed with sentencing. The court also explained that a plea of guilty was a statement against interest and that a plea of no contest was not. The court stated that a plea of no contest permits the case to be disposed of that day, but that it cannot be used hereafter in any other civil or criminal proceeding.

Before addressing individual defendants, the court once again stated that if there were any questions concerning any of the constitutional rights prior to entering a plea, the defendant should inquire of the bench.

When the court individually addressed the appellant the following dialogue took place:

"THE COURT: Sir the matter was continued until today. Today you will enter a plea, now what is your plea?

"GIPSON: No contest.

"THE COURT: Okay, if you might sign this then, no contest is an admission by you that you didn't have a valid driver's license when you drove a vehicle in Garfield Heights on the 9th of February and you failed to drive within lanes and the plates on the vehicle were expired. Now did that happen?

"GIPSON: I don't know. I was driving, I was driving with no license on my way to the license bureau (inaudible).

"THE COURT: That if you might sign that. You are admitting outright that you don't have a valid license, correct?

"GIPSON: No I don't [have a valid license].

"THE COURT: Okay, if you might sign that. Were the plates on the vehicle expired?

"GIPSON: It was my mother's car, sir, I don't know.

"THE COURT: Sir it's up to you to know when you turn on an engine of a vehicle you are responsible for the car that everything is proper with the car, be it lights, license or anything else sir. Now with the plea, you admit your guilt, you waive your right in any further hearings in this court, waive your rights to an attorney, court-appointed attorney if indigent, also to a jury trial. That's what you indicate to the court when you sign that statement sir.

"GIPSON: I don't want to sign it. I don't have to sign it if I don't want to, do I?

"THE COURT: Are you entering your plea orally? It's up to you sir. You can enter your plea orally or you can sign it either way, but if you enter a plea of no contest either way you waive those rights. You do read, write and understand the English language, do you not?

"GIPSON: Yes, I do.

"THE COURT: And you understand what you've read there? [pause] Do you understand what you've read?

"GIPSON: Yes I do.

"THE COURT: Okay your plea then is no contest, sir?

"GIPSON: Yes.

"THE COURT: Okay, you might sign it then and hand it to the Court."

The appellant sets forth three assignments of error.

The first assignment of error:

# I

"Defendant was denied due process of law when when [*sic* ] he was sentenced to a term of imprisonment where the record shows that he did not knowingly, intelligently and voluntarily waive his right to counsel."

The appellant argues that there was no knowing, intelligent and voluntary waiver of his right to counsel. The appellant asserts that when he stated that he did not wish to sign the waiver form, the court failed to determine after a full inquiry whether the appellant understood his right to counsel and intelligently relinquished the right.

Crim.R. 11(D) requires that in a misdemeanor case involving a petty offense, the court shall personally address the defendant and inform him of the effects of the pleas of guilty, no contest and not guilty. The rule states also that the court must apply the counsel provisions of Crim.R. 44.

Crim.R. 44(B) and (C) state that where a defendant is unable to obtain counsel, the trial court may assign counsel, and that where the defendant is unable to obtain counsel, no sentence of confinement may be imposed upon a defendant unless he has, after being fully advised by the court, knowingly, intelligently and voluntarily waived the assignment of counsel. Waiver of counsel must be in open court and the waiver shall be recorded as provided in Crim.R. 22.

In *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309, this court held that a meaningful dialogue between the court and the

defendant is required whenever the possibility of incarceration exists. The court also held that a written waiver of counsel is not a substitute for compliance with the requirement of an oral waiver in open court.

A close review of the record reveals that nowhere in the colloquy between the court and the appellant did the appellant affirmatively state that he wished to waive counsel.

Furthermore, the court repeatedly asked the appellant to sign the waiver form. When the appellant stated that he did not wish to sign the form, and the court responded, "Are you entering your plea orally? It's up to you sir. You can enter your plea orally or you can sign it either way, but if you enter a plea of no contest either way you waive those rights." This question and/or statement by the court did not answer the appellant's question, and does not constitute meaningful dialogue as required by *Brewer, supra.*

The appellant's first assignment of error is well taken.

The second and third assignments of error:

## II

"The court committed prejudicial error in accepting a no contest plea when it was obvious from the colloquy between the court and the defendant that he was denying the charges and merely intended to enter a not guilty plea."

## III

"The defendant was denied due process of law when the court did not comply with the various rules of criminal procedure in accepting a plea from the defendant."

The second and third assignments of error are moot pursuant to App.R. 12.

The judgment is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

PATRICIA A. BLACKMON and O'DONNELL, JJ., concur.