OPINION AND JUDGMENT ENTRY
This is an appeal from a February 25, 1999 judgment of the Ottawa County Court of Common Pleas sentencing appellant, Jose Sanchez, to serve the maximum sentence of twelve months in prison for a violation of R.C. 2921.34(A), escape. Appellant has presented two assignments of error for consideration that are:
 "1. The Defendant's sentence consisted of the maximum prison term allowed for the offense by division (A) of § 2929.14 O.R.C. and was not imposed pursuant to division (D)(3)(b) of § 2929.14, and the sentence was imposed for only one offense.
 "2. The Trial Court failed to advise Defendant that the Parole Board may extend the stated prison term under O.R.C. § 2929.19(A)(3)(b)."
The record in this case shows that appellant was charged by information in the Ottawa County Court of Common Pleas on November 20, 1998 for escape, a violation of R.C. 2921.34(A). Appellant entered a guilty plea to the charge on November 23, 1998. The written guilty plea form signed by appellant contains the following statement:
 "I know any prison term stated will be the term served without good time credit. If I commit a crime in prison, the parole board could increase my prison time in 15, 30, 60 or 90 day increments or up to 50% of my term. After prison release, I may have up to 3 or 5 years of post-release control. If I violate post-release control conditions, I could be returned to prison for up to another nine months."
On November 24, 1999, the trial court filed a judgment entry accepting appellant's guilty plea and finding him guilty of escape. The court also ordered a pre-sentence investigation report.
On February 25, 1999, the trial court filed a judgment entry in which it said:
 "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court finds that the more serious factors out weigh [sic] the less serious factors and that the Defendant is more likely to commit future crimes than less likely to commit future crimes."
The court noted, pursuant to R.C. 2929.13(B), that appellant previously served a prison term, was not amenable to community control, and ruled that a prison term in this case was consistent with the purpose of R.C. 2929.11. The court also said: "The Court further finds that the maximum prison term is appropriate as the Defendant poses the greatest likelihood of committing future crimes based upon his prior history * * *." The court then ordered appellant to serve twelve months in prison, the maximum sentence for appellant's crime. Appellant filed his notice of appeal from that order in this court on March 10, 1999.
In support of his first assignment of error, appellant argues that the record does not support the findings made by the trial court to explain its decision to order appellant to serve the maximum sentence for his crime. Specifically, appellant says that the trial court did not impose the maximum sentence because of the seriousness of appellant's crime. He argues that R.C.2929.14(C) contains a two-part requirement before a trial court can impose the maximum sentence for a crime. He says the trial court must find: 1) the defendant committed the worst form of the offense; and 2) the defendant posed the greatest likelihood of committing future crimes. He says that in this case, the trial court only found the second requirement, not the first, so the court was barred from imposing a maximum sentence.
In support of his argument that two requirements must be met before a maximum sentence can be imposed by a trial court pursuant to R.C. 2929.14(C), appellant cites a case decided by the Ninth District Court of Appeals, State v. Garrard (1997),124 Ohio App.3d 718. In that case, the Ninth District Court of Appeals quoted portions of R.C. 2929.14 prefaced by the introduction: "R.C. 2929.14 governs the imposition of prison terms for felony convictions, providing in part * * *." Id. at 721 (emphasis added). The court then quoted several paragraphs of the statute in question, and quoted paragraph C as follows:
 "`(C) The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense [and] upon offenders who pose the greatest likelihood of committing future crimes.'" Id.
A review of the remainder of the opinion shows that the trial court in that case considered and cited two factors as support for its decision to impose the maximum sentence on the defendant in that case. Id. at 722. On appeal, the defendant argued that the maximum sentence should not have been imposed in his case. The appellate court therefore considered both factors cited by the trial court and included both factors in its quote of R.C.2929.14(C). Id. at 721-724.
R.C. 2929.14(C) provides, in whole:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
When the entire section is read, the only conclusion that can be reached is that the legislature intended to authorize trial courts to impose a maximum sentence on persons who met one or more of the factors listed in the section. Accordingly, the State v.Gerrard court would have more accurately reflected the true meaning of the section if it had added in the conjunction "or" rather than the conjunction "and" when it quoted a shortened version of R.C. 2929.14(C). We are not persuaded by appellant's argument that the inadvertent use of the conjunction "and" in a shortened quote of the statute in a case where two of the factors listed applied demonstrates that two factors must always be met before a trial court can impose a maximum sentence pursuant to R.C. 2929.14(C). The record supports the trial court's conclusion in this case that one factor, that appellant poses the greatest likelihood of committing future crimes, existed in this case. The pre-sentence investigation report included in the record shows that appellant has a long history of committing criminal offenses and of resisting authority and rehabilitation. Accordingly, appellant's first assignment of error is not well-taken.
In support of his second assignment of error, appellant argues: "Under § 2929.19, the Trial Court is required at the Sentencing Hearing, to advise the Defendant of a number of items, one of which is, under § 2929.19(A)(3)(b), [sic] that the Parole Board may extend the stated prison term, if the Offender commits any criminal offense under the laws of this State or the United States while serving the prison term. No such advise [sic] was given."
The statutory provisions to which appellant refers provide in pertinent part:
 "(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
"(a) Impose a stated prison term;
 "(b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
"* * *
 "(d) Subject to division (B)(4) of this section, if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section, notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code may be imposed following the offender's release from prison.
 "(e) Notify the offender that, if a period of post-release control is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of section 2967.121 [2967.12.1] of the Revised Code, all of the following apply:
 "(i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 "(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 "(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 "(iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation." R.C. 2929.19 (B)(3)(a)(b) (d)(e)(i)(ii)(iii) and (iv).
Our research shows three of our sister courts of appeals have considered the above quoted statutory provisions to decide whether a trial court must give a defendant notification at the sentencing hearing of post-conviction penalties that can be imposed.
On March 18, 1998, the Third District Court of Appeals ruled that the trial court did not commit any error at the sentencing hearing. State v. Perkins (Mar. 18, 1998), Hancock App. No. 5-97-32, unreported. The Perkins court quoted extensively from an exchange between the trial court and the defendant at the time the defendant entered his guilty plea. The transcript quoted showed the trial court carefully explained all the postconviction issues that are contained in R.C. 2929.19. In addition, the record showed that the written guilty plea signed by the defendant contained a statement that acknowledged he understood the parole board could increase his prison time for any crime he committed while in prison or could return him to prison for post-release control violations. Finally, the Third District Court of Appeals noted: "At the sentencing hearing, the trial court specifically referred to the earlier discussion from the plea hearing, which [the defendant] acknowledged." Id. The Third District Court of Appeals ruled: "Accordingly, when looking at this matter in its entirety, we cannot say that the trial court committed any error. We conclude that the actions of the trial court and [the defendant] at the sentencing hearing, coupled with the discussions at the plea hearing and the terms of the written plea, constitute satisfaction with the notice requirements of R.C.2929.19(B)." Id.
On June 18, 1998, the Eighth District Court of Appeals considered a case in which the appellant challenged the procedure at the sentencing hearing. State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported. In that case, the state conceded that the sentence should be vacated and the case should be remanded for resentencing "`for the limited purpose of notification in accordance with R.C. 2929.19.'" Id. The Eighth District therefore vacated the sentence and remanded the case for resentencing. Id.
On April 19, 1999, the Fifth District Court of Appeals ruled that the trial court had substantially complied with the notification requirements. State v. Jackson (Apr. 19, 1999), Stark App. No. 1998CA00262, unreported. In that case, the appellate court acknowledged that the statute required notification to the defendant, but said the statute did not specify the manner of notification. The appellate court then quoted the following from the trial court's sentencing judgment entry:
 "`The Court has notified the defendant that bad time may be imposed by the Parole Board under Revised Code Section 2967.11 for certain rule violations committed while in prison. The defendant is ordered to serve as part of this sentence any bad time imposed.
 "`The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.'" Id.
The Fifth District Court of Appeals then ruled:
 "Under the general principles of law, a court only speaks through its record. * * * Upon review, we find the record sub judice sufficiently meets the requirements of R.C. 2929.19(B)(3) [sic] therefore, there is no need for resentencing on this matter." Id. (Citations omitted.) One judge dissented from the holding, saying she would remand the case for resentencing so that the trial court could comply with the notification requirements. Id. (Edwards, J. dissenting).
We have carefully considered all of the above rulings and the statutory provisions in question. We agree with the approach adopted by the Third District Court of Appeals. However, because our record is not as complete as the record in that case[1] and, more importantly, because the trial court in our case did not make any reference to any prior discussion of the postconviction issues at the time of the sentencing hearing, we find that the record in this case does not support a finding that the trial court satisfied the notice requirements of R.C. 2929.19. Appellant's second assignment of error is well-taken.
The sentence imposed by the trial court in this case is vacated, and this case is remanded for resentencing, so that the trial court can comply with the requirements of R.C. 2929.19, including the notification requirements. Judgment of the Ottawa County Court of Common Pleas is reversed in part and affirmed in part. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Mark L. Pietrykowski, J.
CONCUR.
James R. Sherck, J., dissents.
[1] We have the signed written guilty plea, but we do not have a transcript of the hearing when the plea was entered and accepted. Ohio courts have consistently ruled that there is no presumption of regularity of proceedings when the transcript from a hearing when a guilty plea is entered and accepted is missing from the record. The reason for that rule is that appellate courts must have a transcript or an agreed record pursuant to App.R. 9(E) to review to be sure the defendant entered the guilty plea knowingly, voluntary and intelligently. See, e.g. State v.Strawther (1978), 56 Ohio St.2d 298, paragraph three of the syllabus; City of Garfield Heights v. Gipson (1995), 107 Ohio App.3d 589,592-593; State v. Mascaro (1991), 81 Ohio App.3d 214,215; State v. Joseph (1988), 44 Ohio App.3d 212, 213;City of Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,217; State v. Wilson (1978), 55 Ohio App.2d 64,65-66; but see State v. Summers (1981), 3 Ohio App.3d 234, 236, 237.