OPINION
Defendant Margaret Toney appeals the judgment of the Licking County Municipal Court which convicted and sentenced her for one count of driving under suspension in violation of R.C. 4507.02, after she entered an uncounseled plea of no-contest. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURTS [SIC] DECISION CONVICTING AND SENTENCING MARGARET TONEY IS UNREASONABLE AND UNLAWFUL AS THE TRIAL COURT VIOLATED OHIO CRIMINAL RULE 5 (A)(2).
 II. THE TRIAL COURTS [SIC] DECISION CONVICTING AND SENTENCING MARGARET TONEY IS UNREASONABLE AND UNLAWFUL AS IT VIOLATED OHIO CRIMINAL RULE 10 (C).
 III. THE TRIAL COURTS [SIC] DECISION CONVICTING AND SENTENCING MARGARET TONEY IS UNREASONABLE AND UNLAWFUL AS IT VIOLATED OHIO CRIMINAL RULE 11.
 IV. THE TRIAL COURTS [SIC] DECISION CONVICTING AND SENTENCING MARGARET TONEY IS UNREASONABLE AND UNLAWFUL AS MARGARET TONEY WAS DENIED COUNSEL RULE 44 (C).
The record indicates appellant appeared without counsel on April 12, 2000. At the hearing, the court told appellant she was charged with operating her motor vehicle with her license under suspension. The court asked her if she understood that charge, and appellant answered yes. The court then inquired what plea she wanted to enter, and appellant answered no contest. The court advised her if she wished to enter a no-contest plea, she would have to sign and date the form. Then the court asked if there was anything she would like to say before the court found her guilty and imposed the sentence. Thereafter the court and appellant engaged in a rather lengthy discussion of the circumstances surrounding this arrest, and her prior driving record.
We will address all of appellant's assignments of error together for purposes of clarity.
Appellant maintains the trial court violated Crim.R. 5, Crim R. 10, Crim.R. 11, and Crim.R. 44. Crim.R. 5 governs initial appearances and preliminary hearings. Crim.R. 5 requires the court to inform the defendant: (1) Of the nature of the charge against him; (2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel; (3) That he need make no statement and any statement made may be used against him; (4) Of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment; (5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.
Crim.R. 10 governs arraignments. When a defendant does not have counsel, the court or magistrate must determine the defendant understands his rights, including the right to counsel, right to reasonable continuance to secure counsel, right to appointed counsel, and Fifth Amendment right to remain silent. Crim.R. 11 governs pleas. In misdemeanor cases, the court may not accept a plea of guilty or no contest without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. Crim.R. 11 also references Crim.R. 44, which deals with the right to counsel. Crim.R. 44 requires the court to appoint counsel for an indigent defendant. If the defendant charged with a petty offense is unable to obtain counsel, the court may not impose a sentence of confinement on him, unless the record demonstrates he knowingly, intelligently, and voluntarily waived his right to counsel after being fully advised by the court. The waiver of counsel must be made in open court. Here, the trial court accepted the no-contest plea, entered a finding of guilty, and imposed a $500 fine and court costs. The trial court also sentenced appellant to six months in jail, with all but ten days suspended. The court placed appellant on probation for three years on the condition that she not be ticketed again for driving without a license. Appellant concedes she signed and initialed the written waiver, but cites us to a long line of appellate cases, which consistently holds a written waiver is not sufficient to meet the requirements of the Criminal Rules. For example, in Alliance v. Garland (February 12, 1996), Stark Appellate No. 1995CA00270, this court reviewed a situation where the trial judge informed the appellant of the charge against her and the maximum sentence which could be imposed. The trial court did not advise the appellant of any of her rights. This court found the trial court's failure to comply with the rules required reversal of the conviction and sentence. In State v. Mascaro (1991),81 Ohio App.3d 214, the Court of Common Pleas for Lorain County found a written statement was insufficient to constitute a "meaningful dialogue," as required by the Criminal Rules. Similarly, in the City of Garfield Heights v. Gipson (1995), 107 Ohio App.3d 589, the Court of Common Pleas for Cuyahoga County found a written waiver of counsel is not a substitute for a waiver in open court. In State v. Blair (1998), 128 Ohio App.3d 435, the Court of Appeals for Clarke County found it was insufficient for the trial court to ask the defendant whether he understood the nature of the charge against him. In reviewing the cases from the various appellate courts, and our own, it is clear the Criminal Rules envision a dialogue between the trial court and the accused. The court should satisfy itself the accused understands the charges, his rights, the procedures, and the potential penalties. Our review of the record leads us to conclude the trial court made insufficient inquiry of appellant before accepting her plea of no-contest.
The assignments of error are each sustained. Accordingly, we vacate the conviction and sentence, and remand the cause back to the trial court for further proceedings in accord with law and consistent with this opinion.
 ___________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur