OPINION
The defendant-appellant, Lisa J. Reynolds, was charged in the Xenia Municipal Court with a violation of R.C. 2913.31(B)(1), which provides that no person shall knowingly "forge an identification card." She entered a plea of no contest to the charge, but was found guilty, and from the judgment and sentence thereupon entered in the trial court, Reynolds has filed a notice of appeal to this court.
In this court, the appellee, State of Ohio, has failed to file a brief, and in these proceedings, therefore, the court has been relegated to App.R. 18(C), which states that "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
In this regard, Reynolds' statement of facts provides as follows:
 The defendant is an eighteen-year-old female, a college freshman at Wright State University. Prior to her arrest in the incident in question she had no criminal record, either as an adult or as a juvenile.
On the evening of January 25, 2000, the defendant and a friend were present at the Fairfield Commons Mall in Beavercreek, Ohio. At that time, they decided to shoplift a number of items from several stores in the Mall. After taking items from several stores, they were detained by security police and eventually arrested. The defendant was transported to the Greene County Jail for booking. During the process, her purse was searched, and the authorities found a card with her picture on it. While the card appeared to be an identification card, it clearly stated on the card "this is not a real ID." The defendant was taken to court the next morning where she appeared without benefit of counsel. She tendered a plea of no contest to the charge of forgery, which was accepted by the court. The court entered into its record the report of the arresting officer, and a photocopy of the alleged ID card. The court then proceeded to find the defendant guilty, and sentenced her to 90 days in jail, a fine of $250.00, and court costs.
Additionally, Reynolds has specifically set forth issues for review which allege (1) that "the record does not reflect that the court personally informed the defendant of the effect of her no contest plea" and (2) that "the court failed to properly inform the defendant of her right to counsel."
According to the record, Reynolds was sentenced on January 26, 2000, but on January 27, 2000, she filed a motion, by and through counsel, to withdraw her prior plea of no contest and to enter a plea of not guilty. This motion was overruled by the trial court on January 31, 2000.
In the present appeal, Reynolds has submitted five assignments of error, the first of which has been framed as follows:
 THE TRIAL COURT ERRED BY FINDING THE DEFENDANT GUILTY BASED UPON THE FACTS BEFORE THE COURT AT THE HEARING OF THIS CASE.
In support of the alleged error, Reynolds argues that the evidence was insufficient to support the conviction, but the personal identification card found in Reynolds' purse bears her signature and has all of the usual characteristics of a forged identification card. While Reynolds places considerable emphasis upon the disclaimer that states that "this is not a real ID," such built-in defense appears, along with other language, on the back-side of the card, and does not alter the obviously fraudulent purposes of the forged identification card. Reynolds also places some emphasis upon her statement that the card was never used for its intended purpose, but actual use of the identification card was not an element of the offense charged against her. R.C. 2913.31(B)(1).
Furthermore, the record contains a witness statement of the booking officer that Reynolds admitted that the identification card was a fake and that she had made it at school. Hence, the facts, as shown by the record, adequately supported the conviction, and the first assignment of error is overruled.
The second assignment of error has been set forth as follows:
 THE COURT COMMITTED ERROR AND PREJUDICE BY GIVING EXCESSIVE WEIGHT TO PENDING CRIMINAL CHARGES IN ANOTHER COURT.
At the plea and sentencing hearing, the trial court did make a number of references to the theft charges pending against Reynolds in the Fairborn Municipal Court, but nothing appears in the record to suggest that the pending theft charges were influential in the disposition of the forgery charge. In support of the alleged error, Reynolds has cited the case of State v. Longo (1982), 4 Ohio App.3d 136, but the facts of the case cannot be fitted comfortably to the facts of the present case. There, sentencing was heavily controlled by matters not charged and not tried, whereas here, some reference to the theft charges was necessary in order to explain the basis for the forgery charge. Accordingly, the alleged error is without merit.
The third assignment of error has been presented as follows:
 THE SENTENCE OF THE COURT WAS CLEARLY EXCESSIVE, AN ABUSE OF DISCRETION, AND CONTRARY TO LAW.
Under the circumstances which gave rise to the forgery charge, and in the absence of any previous criminal record, the sentence probably did seem harsh in the eyes of the beholder, but nothing appears of record to suggest that the trial court was prompted in any way by an arbitrary or unreasonable attitude during the sentencing process, and the sentence imposed upon Reynolds was within permissible statutory limits.
Ordinarily, the severity of a sentence imposed in conformity to the law by a trial court rests in the discretion of that court and is not a matter with which a reviewing court can interfere. State v. Williams
(1982), 7 Ohio App.3d 160, 162. See also, Toledo v. Reasoner (1965),5 Ohio St.2d 22; State v. Tutt (1988), 44 Ohio App.3d 138. Here, no abuse of discretion, as that term is defined in law, has been shown, and accordingly, the third assignment of error is overruled.
The fourth assignment of error is as follows:
 THE COURT COMMITTED ERROR BY ACCEPTING THE DEFENDANT'S NO CONTEST PLEA.
With particular reference to the no contest plea, as entered on January 26, 2000, the record contains nothing more than the following exchange between Reynolds and the trial court:
THE COURT: How do you want to plead on that?
THE DEFENDANT: No Contest.
 THE COURT: Okay. I'm going to have you fill out a waiver and plea. Did you understand the rights I explained earlier?
THE DEFENDANT: Yes. I did.
 THE COURT: We are going to hand those to you in writing. Fill in the blanks and sign it, if you want to enter that plea.
(Other cases called)
 THE COURT: Miss Reynolds, do you want to come back up, please. Did you read this waiver and plea form completely?
THE DEFENDANT: Yes.
THE COURT: Did you understand it?
THE DEFENDANT: Yes. Ma'am.
 THE COURT: Do you have any questions about your rights, this form, the maximum possible penalty, anything at all?
THE DEFENDANT: No. Ma'am.
Generally, the proceedings of the trial court are deemed to be correct, and in the application of this general principle, this court ordinarily could presume that all of Reynolds' constitutional, statutory or fundamental rights were "explained earlier" to her. However, Crim.R. 11(E) requires that the record demonstrate that a plea of no contest was entered voluntarily, intelligently and knowingly. Garfield Heights v.Brewer (1984), 17 Ohio App.3d 216. Furthermore, the record must show some meaningful dialogue between the court and the defendant as to the effect of the no contest plea. See, State v. Orr (1985), 26 Ohio App.3d 24.
Here, the transcript of the proceedings at the plea and sentencing hearing is inadequate to show compliance with the criminal rules, and the fourth assignment of error must be sustained.
The fifth assignment of error alleges as follows:
 THE COURT FAILED TO PROPERLY INFORM THE DEFENDANT OF HER RIGHT TO COUNSEL.
According to the record, Reynolds was arrested on January 25, 2000, confined for the night, and taken to court the next morning where she signed a written waiver of counsel, entered her plea of no contest, and was sentenced by the trial court. There is nothing in the record to exemplify any oral waiver of counsel or any meaningful dialogue as to Reynolds' statutory and constitutional rights. See, Garfield Heights v.Gipson (1995), 107 Ohio App.3d 589; Eastlake v. DeNiro (1984),21 Ohio App.3d 102.
Upon the state of the record, therefore, and in the absence of any argument to the contrary, this assignment of error is subject to the pronouncement of this court in State v. Dyer (1996), 117 Ohio App.3d 92, where the syllabus provides as follows:
 Courts are to indulge every reasonable presumption against waiver of fundamental constitutional rights, including right to be represented by counsel.
 Waiver of fundamental constitutional right may not be presumed from silent record; rather, waiver must affirmatively appear in the record.
 State bears burden of overcoming presumptions against valid waiver of fundamental constitutional right.
 Requirements of rules outlining how waiver of counsel is to affirmatively appear in the record are mandatory, and failure to comply with these procedures constitutes error; written waiver of counsel is not sufficient to comply with these procedures.
Upon the authority of the Dyer case, the fifth assignment of error is sustained.
Accordingly, the judgment and sentence of the Xenia Municipal Court will be vacated and set aside, and the cause remanded to that court for a new plea hearing and such other proceedings as may be required by law.
 ________________________ KERNS, J.
GRADY, PJ., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).