OPINION
Defendant-appellant Layne Songer appeals his conviction and sentence from the Mansfield Municipal Court on one count of menacing by stalking. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
A complaint was filed in the Mansfield Municipal Court charging appellant with menacing by stalking in violation of Mansfield Ordinance Section 537.051, a first degree misdemeanor.[1] The complaint, which was filed on September 11, 2001, alleged that appellant "on or about March 11, August 26, 2001, did knowingly cause another to believe that the offender will cause physical harm to a person or mental distress to the other person by engaging in a pattern of conduct."
On September 12, 2001, appellant appeared in court without counsel and entered a plea of no contest to the charge of menacing by stalking. On the same date, appellant signed an "Acknowledgment Waiver of Rights" stating as follows:
 As the Defendant herein, I understand that I have the right to face those who have accused me of criminal activity alleged herein; that I cannot be required to testify or make any statement against myself, that I have the right to obtain witnesses on my behalf, that I have the right to be represented by counsel of my choice for any crime to which I am charged and; that if the crime for which I am charged carries the potential of a jail sentence, I am entitled, if eligible, to be represented by court-appointed counsel and to a trial by jury. Furthermore, I understand that the City/State/Village has the burden of proving my guilt beyond a reasonable doubt.
 I hereby acknowledge the above described rights and hereby waive and give them up.
 I further acknowledge that no promises or threats have been made to me by anyone to get me to give up these rights.
The trial court, after finding appellant guilty of the charge, ordered that appellant pay a fine of $150.00 and imposed a 60 day jail sentence on appellant. The trial court, in its September 13, 2001, Judgment Entry, also placed appellant on probation for twelve months and ordered appellant to have no contact with the victim or the victim's family.
It is from the September 13, 2001, Judgment Entry that appellant prosecutes his appeal, raising the following assignments of error:
 DEFENDANT'S PLEA OF NO-CONTEST WAS UNCONSTITUTIONAL AS THERE WAS NO KNOWING, INTELLIGENT OR VOLUNTARY WAIVER OF HIS RIGHT TO COUNSEL.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT FULLY EXPLAIN TO THE DEFENDANT THE NATURE OF THE OFFENSE AND THE POTENTIAL PENALTIES.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ACCEPTED A NO-CONTEST PLEA WHERE IT WAS APPARENT THAT DEFENDANT DID NOT UNDERSTAND THE EFFECT OF A NO-CONTEST PLEA.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO JAIL AND ALSO PLACED ON PROBATION.
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT FOLLOW STATUTORY CRITERIA FOR SENTENCING AND ACTED AS JUDGE AND PROSECUTOR.
 I
Appellant, in his first assignment of error, argues that his no contest plea to the charge of menacing by stalking, a first degree misdemeanor, was unconstitutional since there was no knowing, intelligent or voluntary waiver of his right to counsel. We agree.
Pursuant to the Sixth Amendment to the United States Constitution[2]
and Section 10, Article I of the Ohio Constitution, a criminal defendant has a right to counsel. The Sixth Amendment right to counsel extends to misdemeanor criminal cases that could result in the imposition of a jail sentence. See State v. Caynor (2001), 142 Ohio App.3d 424, 427-428. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. State v. Weiss (1993),92 Ohio App.3d 681, 684. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson
(1976), 45 Ohio St.2d 366, paragraph two of the syllabus. In order to have a valid waiver, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself, and that there are dangers inherent in self-representation. State v. Ebersole (1995), 107 Ohio App.3d 288, 293, citing Faretta v. California (1975), 422 U.S. 806, 814. A written waiver of counsel is not a substitute for a waiver in open court. City ofGarfield Heights v. Gipson (1995), 107 Ohio App.3d 589.
Crim.R. 11(E), captioned "Misdemeanor Cases Involving Petty Offense," provides as follows:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
 The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.
Crim.R. 44 states, in relevant part, as follows:
 "(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 (C) Waiver of Counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than serious offense." In turn, Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Since appellant was convicted of menacing by stalking, a first degree misdemeanor punishable by up to six months imprisonment, appellant was convicted of a petty offense.
The record in the case sub judice reveals the following exchange between appellant and the court:
 THE COURT: Layne Songer. The record should reflect that the defendant is present. Further, that the defendant is not represented by counsel. We are here pursuant to further hearing.
 Mr. Songer, it's my understanding that you've been charged with a first degree misdemeanor. It's my further understanding, sir, that that charge carries a possibility of jail time; that whenever you're charged with a crime, it carries the possibility of jail time, certain rights attach. One is that you are entitled to be represented by counsel. You can either hire a lawyer or you can proceed without a lawyer. Obviously, those are the options that you have.
 You're also entitled to a trial, whether you have a lawyer or not. It will be my understanding that if you decide to proceed without a lawyer, and that would mean for the most part that if you decide to enter a plea of some kind to a charge without either being represented by counsel or deciding not to hire an attorney or deciding not to apply for court appointed counsel, and that means you're waiving your right to an attorney at that point, that's what you would do if you decide to enter a plea of either no contest or guilty to a charge.
 In addition to that, if you entered a plea of either no contest or guilty to a charge, and that also means that you're waiving your right to a trial, entering a plea of guilty or no contest means that there would be no trial. The case would be over at that point, and you would be either ordered — sanctions would be imposed. But for all intents and purposes, there wouldn't be a trial.
 If you decide to waive your right to an attorney and waive your right to a trial, you would have to do that in writing. You know, when you appeared in front of the magistrate this morning, it appears that you signed the form acknowledging that you were aware of your rights and you were waiving your right to an attorney and also waiving your right to a trial; is that correct?
MR. SONGER: That's correct, sir.
 THE COURT: I've got a form here which is styled acknowledgment of waiver of rights and waiver of jury trial with a signature on the bottom on both sides of that form. Is that your signature?
MR. SONGER: Yes.
 THE COURT: Okay. Did the magistrate promise anything to you or threaten you in any way that would cause you to waive your right to an attorney and waive your right to a trial?
MR. SONGER: No.
THE COURT: You did it of your own free will?
MR. SONGER: Correct.
 THE COURT: Okay. And do you feel like you're being forced into this now or threatened in any way?
MR. SONGER: No.
THE COURT: You're doing it of your own free will?
MR. SONGER: Correct.
 THE COURT: Okay. All right. Now, the Court accepts the waivers of voluntary act of the defendant, will incorporate same as if fully rewritten herein. . . .
Transcript at 2-4.
Based on the foregoing, we find that there was no knowing, intelligent and voluntary waiver of counsel by appellant. "Ohio law clearly requires recitation, to a defendant seeking self-representation, of the nature of the charge against him, the statutory offenses included within it, the range of allowable punishments thereunder, possible defenses to the charge and circumstances in mitigation thereof, and other facts essential to appellant's broad understanding of the matter." State v. Thompson, (Oct. 29, 2001), Stark App. No. 2000CA00283, unreported. In the case subjudice, as evidenced by the above colloquy, specifically, there is no indication that the court informed appellant of the exact nature of the charges against him, the possible penalties that he might face, and any possible defenses to the charges. See State v. Doane (1990),69 Ohio App.3d 638, 647 and State v. Thompson, supra. Nor did the trial court fully inform appellant of his right to counsel. In short, there was no "meaningful dialogue" between the trial court and appellant regarding appellant's waiver of counsel. See Garfield Hts. v. Gipson
(1995), 107 Ohio App.3d 589.
Accordingly, since, based on the foregoing, appellant did not knowingly, intelligently and voluntarily waive his right to counsel, appellant's first assignment of error is sustained.
 II
Appellant, in his second and third assignment of error, argues that he was denied due process of law when the trial court did not fully explain to him the nature of the offense and the potential penalties. According to appellant, "[t]he court never informed defendant concerning the exact penalty that the offense carried. This denied defendant due process of law because there was not a full understanding of the offense and the potential penalty."
When considering a guilty or no contest plea in a matter involving a petty offense, Crim.R. 11(E) prohibits a judge from "accept[ing] such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." (Emphasis added). Crim.R. 11(B) provides, in relevant part, as follows:
 (B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered:
(1) . . . .
 (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 (3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32.
There is no requirement in Crim.R. 11(B) that the trial court advise a defendant entering a no contest plea to a petty offense of the nature of the offense and the potential penalties. In short, we find that the nature of the offense and potential penalties are not part of the "effect" of a no contest plea. See State v. Monks (June 15, 2001), Fairfield App. No. 00CA60, unreported.[3]
Appellant's second assignment of error is, therefore, overruled.
 III
Appellant, in his third assignment of error, contends that the trial court denied him due process of law when it accepted appellant's no contest plea when it was apparent that appellant did not understand the "effect" of such plea.
As is stated above, Crim.R. 11 (B)(2), captioned "Effect of Guilty or No Contest Pleas," requires a trial court to advise a defendant that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Upon our review of the record, we find that the trial court did not so inform appellant. We find, therefore, that appellant's plea was not knowing, intelligent and voluntary.
Appellant's third assignment of error is, therefore, sustained.
 IV
Appellant, in his fourth assignment of error, argues that he was denied due process of law since the trial court sentenced him to jail and also placed him on probation. As memorialized in a September 13, 2001, Judgment Entry, the trial court in this matter sentenced appellant to 60 days in jail and also placed him on probation for twelve months. R.C. Section 2929.51 (A) states as follows
 At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following:
 (1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code;
 (2) Suspend the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate;
 (3) Permit the offender to serve the offender's sentence in intermittent confinement, overnight, or on weekends, or both, or at any other time or times that will allow the offender to continue at the offender's occupation or care for the offender's family;
 (4) Require the offender to serve a portion of the offender's sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate, or suspend the balance of the sentence and place the offender on probation pursuant to that section.
Such section contemplates "that probation shall follow sentencing and the suspension of "execution" thereof, . . ." See State ex rel. Freemanv. Department of Rehabilitation and Correction (1982), 10 Ohio App.3d 172,173. While the trial court, in this matter, placed appellant on probation, it did not suspend his 60 day jail sentence before doing so. The trial court, therefore, did not comply with R.C. 2929.51(A).
Appellant's fourth assignment of error is, therefore, sustained.
 V
Appellant, in his fifth assignment of error, contends that the trial court did not follow the statutory criteria for sentencing and acted as judge and prosecutor.
R.C. 2929.22 states, in pertinent part, as follows:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
(a) The offender is a repeat or dangerous offender.
 (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
Where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C.2929.22 in the absence of an affirmative showing that it failed to do so. The statute does not require the trial court to state on the record that it has considered the statutory criteria, nor does the statute require the trial court to discuss said criteria. We find nothing in the record which demonstrates that the trial court did not consider the criteria. In the absence of such demonstration, we presume the trial court considered the appropriate factors. See State v. Trail (Oct. 4, 2001), Richland Case No. No. 01-CA-12, unreported.
Appellant's fifth assignment of error is, therefore, overruled.
Accordingly, the judgment of the Mansfield Municipal Court is reversed and this matter is remanded for further proceedings.
By EDWARDS, J. GWIN, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is reversed and remanded for further proceedings. Costs to appellee.
[1] Mansfield Ordinance Section 537.051 corresponds to R.C.2903.211(A).
[2] The Sixth Amendment is made applicable to the states by theFourteenth Amendment.
[3] The issue of whether, when a defendant charged with a petty offense changes his not guilty plea to a plea of guilty or no contest, the trial court must inform the defendant only of the information contained in Crim.R. 11(B) or "must engage in a colloquy with the defendant that is substantially equivalent to that required by Crim.R. 11(C) in felony cases" is currently before the Ohio Supreme Court. See State v. Watkins
(2002), 94 Ohio St.3d 1491. However, until the Ohio Supreme Court renders a decision on such issue, the safer practice for a trial court would be to include the relevant portions of Crim.R. 11(C) in accepting a not guilty or no contest plea in the case of a petty offense. Crim.R. 11(C) requires a colloquy regarding, inter alia, the nature of the charge and the maximum penalty involved as well as the right to trial.