OPINION
{¶ 1} Defendant-appellant Bradley G. Wade appeals his conviction entered by the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged in the Ashland Municipal Court with one count of resisting arrest, in violation of R.C. 2921.33, and one count of obstructing official business, in violation of R.C. 2921.31(A).
 {¶ 3} At his initial arraignment on August 14, 2007, Appellant entered a plea of no contest to the charges. The trial court accepted the plea, finding Appellant guilty of the charges. The trial court then sentenced Appellant to 20 days in jail on each charge, to be served concurrently. The trial court further sentenced Appellant to one year of probation.
 {¶ 4} Appellant now appeals, assigning as sole error:
 {¶ 5} "I. APPELLANT'S PLEA OF NO-CONTEST WAS UNCONSTITUTIONAL AS THERE WAS NO KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HIS RIGHT TO COUNSEL."
 {¶ 6} In his sole assignment of error, Appellant asserts he did not knowingly and voluntarily waive his right to counsel prior to entering his plea of no contest to the charges.
 {¶ 7} Pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has a right to counsel. The Sixth Amendment right to counsel extends to misdemeanor criminal cases that could result in the imposition of a jail sentence. See State v. Caynor (2001), *Page 3 142 Ohio App.3d 424, 427-428, 755 N.E.2d 984. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. State v. Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson (1976),45 Ohio St.2d 366, 345 N.E.2d 399, paragraph two of the syllabus. In order to have a valid waiver, the trial court must be satisfied the defendant made an intelligent and voluntary waiver with the knowledge he will have to represent himself, and that there are dangers inherent in self-representation. State v. Ebersole (1995), 107 Ohio App.3d 288, 293,668 N.E.2d 934, citing Faretta v. California (1975), 422 U.S. 806, 814,95 S.Ct. 2525, 45 L.Ed.2d 562. A written waiver of counsel is not a substitute for a waiver in open court. City of Garfield Heights v.Gipson (1995), 107 Ohio App.3d 589, 669 N.E.2d 264
 {¶ 8} Ohio Criminal Rule 11(E) reads:
 {¶ 9} "(E) Misdemeanor cases involving petty offenses
 {¶ 10} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.
 {¶ 11} "The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule."
 {¶ 12} Criminal Rule 44(B) and (C), read:
 {¶ 13} "(B) Counsel in petty offenses
 {¶ 14} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged *Page 4 
with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 15} "(C) Waiver of counsel
 {¶ 16} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 17} Criminal Rule 2(D) defines a "Petty Offense" as a misdemeanor other than a serious offense, and subsection (C) defines a "Serious Offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."
 {¶ 18} In the case sub judice, Appellant was charged with one count of resisting arrest and one count of obstructing official business, both misdemeanors of the second degree, punishable with confinement in jail up to ninety days each.
 {¶ 19} Prior to commencing arraignments on August 14, 2007, the trial court informed the criminal defendants present:
 {¶ 20} "Judge: . . . * * *. At this time, we have to make sure you received a copy of the complaint, or the traffic ticket. We have to make sure you understand what you're accused of and we have to make sure you understand what the possible penalties might be in the event you're found guilty. And, we have to make sure you understand other rights that you have that I'll be explaining, the first of which is your right to an attorney. You have the right to consult with an attorney. If you haven't had a chance to do so yet and you wish to do so, let us know when your case is called and we'll grant *Page 5 
you a reasonable continuance or postpone your case so you can discuss the matter with your lawyer. If the charge against you carries the potential of a jail sentence, and if that's the case, I'll be telling you. If the charge does carry the possibility of a jail sentence, on written demand, you'd be entitled to a trial by jury. Also, if the charge against you carries the possibility of a jail sentence, you may be entitled to a court-appointed attorney if you're an indigent person.
 {¶ 21} "* * *
 {¶ 22} "Now a plea of no contest means just that. You're not contesting the matter. A plea of no contest, although it does not admit guilt, it does admit the truth of the facts set forth in the complaint that has been filed against you. The Court then applies the law to those facts and the matter would be concluded on a no contest plea without a trial or without any further hearing. The sole advantage of a no contest plea is that that plea can't be used against you in some later civil action or criminal action.
 {¶ 23} "* * *
 {¶ 24} "Those are your essential rights in Court. I would add that if you do decide to plead guilty or no contest this morning, you're giving up these rights I've talked about. You'd be giving up your right to consult with a lawyer; the right to have a trial; the right to confront your accuser at trial and the right to require the State to prove your guilt beyond a reasonable doubt at a trial. If you have any questions about these matters, let me know when your case is called."
 {¶ 25} Tr. at 1-3.
 {¶ 26} During the arraignment of Appellant, the following exchange occurred:
 {¶ 27} "Judge: Okay, Mr. Wade, you received copies of both these complaints? *Page 6 
 {¶ 28} "Defendant: Yes, Sir.
 {¶ 29} "Judge: You understand the charges?
 {¶ 30} "Defendant: Yes, Sir.
 {¶ 31} "Judge: Each of them is serious. They're [sic] both can result in up to a ninety-day jail sentence on each. Do you want to consult with an attorney on this?
 {¶ 32} "Defendant: No, Sir.
 {¶ 33} "Judge: All right. How do you wish to plead?
 {¶ 34} "Defendant: No contest . . . (inaudible) . . .
 {¶ 35} "Judge: Okay, the no contest plea is accepted. May I have the reports please?"
 {¶ 36} Tr. at 3-4.
 {¶ 37} Upon review of the record, the trial court did not inquire of Appellant as to whether he fully understood his right to counsel, nor any determination as to whether Appellant intelligently relinquished his right to counsel. State v. Songer, Richland App. No. 01CA82, 2002-Ohio-2894. The trial court did not engage in meaningful dialogue with Appellant as to whether he knew he would have to represent himself, and that there are dangers inherent in self-representation. Accordingly, the record does not demonstrate Appellant knowingly, intelligently and voluntarily waived his right to counsel before entering his plea of no contest. *Page 7 
 {¶ 38} Appellant's conviction in the Ashland Municipal Court is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Ashland Municipal Court is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to the State of Ohio. *Page 1