The STATE of Ohio, Appellee,

v.

WEISS, Appellant.

[Cite as *State v. Weiss* (1993), 92 Ohio App.3d 681.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005572.

Decided Dec. 29, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Robert A. Dixon,* for appellant.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Frank Weiss from his conviction in the Lorain County Court of Common Pleas on one count of grand theft, R.C. 2913.02(A)(3). We reverse.

Weiss entered into an agreement with Bhupendra Bavishi to sell Bavishi some VCRs and other electronic equipment. Weiss accepted three checks, totalling approximately $1,800, from Bavishi as a deposit on the equipment. At trial, there was testimony that Weiss attempted delivery to one of Bavishi's employees on at least one occasion. Furthermore, there was some testimony that, after several thwarted appointments to receive the equipment, Bavishi told Weiss to forget the deal and "just keep the money." Bavishi testified, however, that he did not believe that Weiss even had the equipment when he "attempted delivery." Furthermore, Bavishi testified that he had called off the deal and told Weiss to keep the deposits only in anger and frustration. Bavishi, presumably, thought that it was obvious that he expected Weiss to return the money and concluded that Weiss never had any equipment to sell. The $1,800 was never returned.

An indictment was returned in July 1991 charging Weiss with one count of grand theft. Weiss was arraigned in January 1992, and the case went to trial on October 13, 1992.

Weiss appeared at trial without an attorney. Prior to trial, Weiss had retained and fired several attorneys and had continually indicated to the court that he wanted a private attorney to represent him. There is nothing in the record to indicate that Weiss did not have funds to hire an attorney. The court had, however, granted four previous continuances in order for Weiss to hire counsel and had indicated to Weiss that trial would go forward on October 13 whether or not Weiss had counsel.

When Weiss appeared without counsel, the following discourse took place:

"THE COURT: Mr. Weiss, are you ready to proceed, sir?

"DEFENDANT: Well, I still don't have an attorney, your Honor.

"THE COURT: The question is, are you ready to proceed, sir?

"DEFENDANT: No.

" * * *

"DEFENDANT: [The attorney I spoke with last week] said, okay, if the Court will give you a stay, come into my office.

"THE COURT: The Court will not give you a stay and you know that.

"DEFENDANT: I would like it noted I don't have an attorney and the Court will not give me one.

"THE COURT: Whose fault is that, sir?

"DEFENDANT: I would say it is not all my fault.

"THE COURT: Whose fault is it, sir?

"DEFENDANT: I would say some of the attorney's.

" * * *

"THE COURT: The Court advised you, Mr. Weiss, the last time that we would be proceeding to trial. The Court appointed you Mr. Otero to sit second chair because if you don't have a lawyer, you would be representing yourself and the Court indicated that to you, sir.

"DEFENDANT: Okay. That is violating my rights.

" * * *

"THE COURT: When you have funds to hire an attorney and do not hire one—

"DEFENDANT: Your Honor, I have tried * * *

"THE COURT: You were told flat out, not only from the last time, but from the previous time to that—and you cannot say that you are not aware of what the situation was.

" * * *

"MR. OTERO: Your Honor, I would like the record to reflect that Mr. Weiss has not contacted me during the interim from the last time I was here.

"I was not asked for any legal assistance.

"THE COURT: And the Court did contact you to see whether or not you were still involved in this matter as far as the Court was concerned.

"MR. OTERO: I am here at the Court's appointment."

The trial then proceeded, with Otero serving as an "advisor." The record indicates that Otero did advise Weiss on some procedural matters.

At the end of trial, Otero moved for a mistrial on Weiss' behalf, and Weiss' lack of counsel was again discussed with the court. Weiss indicated that he thought he needed more time to hire an attorney and that he felt his case would have been better presented if he had hired an attorney. The motion for a mistrial was overruled.

Following deliberation, the jury found Weiss guilty, and the court sentenced him to a term of one year's imprisonment. It is from this judgment that Weiss now appeals, asserting three assignments of error.

### Assignment of Error I

"The lower court erred and violated the appellant's right to be represented by counsel as guaranteed by the Sixth Amendment to the United States Constitution and the Constitution of the State of Ohio, Article I, Section 10."

■ Appellant argues that the trial court forced him to represent himself without fully informing him of the possible ramifications of proceeding to trial *pro se*. We agree.

■ It is axiomatic that a criminal defendant has a right to counsel and also a right to act as his own counsel during trial, if he so chooses. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. However, before a defendant may serve as his own counsel, the defendant must knowingly, intelligently, and voluntarily waive his right to assistance of counsel. *Id.* at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–582, paragraph one of the syllabus; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399; Crim.R. 44(A).

■ A valid waiver of counsel can be either express or implied from the circumstances of the case. For example, the right to have counsel of one's own

choice may be deemed to be waived by a defendant who is financially able but fails to retain counsel in an attempt to delay or otherwise frustrate the judicial process. *State v. Hook* (1986), 33 Ohio App.3d 101, 103, 514 N.E.2d 721, 723.

However, "[i]n order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus. Even when the waiver of counsel is implied by the defendant's purported delaying tactics, a pretrial inquiry as to the defendant's knowing and intelligent waiver of the right must be made. *United States v. Allen* (C.A.10, 1990), 895 F.2d 1577, 1579. "A court is under no less obligation to ensure that waiver is knowing and intelligent when voluntariness is deduced from conduct than when it is asserted expressly." *Id.; United States v. Welty* (C.A.3, 1982), 674 F.2d 185, 189.

*Faretta* requires a showing on the record that the defendant who elects to conduct his own defense had some sense of the magnitude of the undertaking and the hazards inherent in self-representation. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582. The requirements of a sufficient pretrial inquiry by the court are more fully set forth in the plurality opinion of *Von Moltke v. Gillies* (1948), 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. The Ohio Supreme Court specifically noted, in *Gibson*, 45 Ohio St.2d at 376–377, 74 O.O.2d at 530–532, 345 N.E.2d at 405–406, that the *Von Moltke* standard was applicable, as did the Eleventh District Court of Appeals in *State v. Doane* (1990), 69 Ohio App.3d 638, 647, 591 N.E.2d 735, 741, and the Third District Court of Appeals in *State v. Overholt* (1991), 77 Ohio App.3d 111, 117, 601 N.E.2d 116, 119. *Von Moltke*, 332 U.S. at 724, 68 S.Ct. at 323, 92 L.Ed. at 321, states that:

"To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

Such an inquiry must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases. *Allen*, 895 F.2d at 1578. If the defendant then continues with his "cat and mouse" game with the court, the court may properly proceed with trial with the knowledge that the defendant knows the gravity of his decision to

proceed *pro se*. See *United States v. McMann* (C.A.2, 1968), 386 F.2d 611, 618–619.

In the instant case, there is nothing in the record to indicate that the trial court made any attempt to inform Weiss of the gravity of his decision to proceed to trial without counsel. Although the court evidently informed Weiss that, if he showed up in court without representation, he would not be granted a further continuance and would be required to proceed *pro se*, there is nothing to indicate that Weiss knew the ramifications of that threat. If he had known the possible consequences of proceeding without an attorney, perhaps he would have made a greater attempt to obtain one before trial.

The trial court, when faced with the circumstances of this case, should have made an inquiry, as set forth in *Von Moltke*, into Weiss' understanding of the ramifications of proceeding without an attorney. If Weiss still stated that he wanted an attorney, a further continuance should have been granted, informing Weiss that this would be the last continuance. If Weiss then appeared in court without representation, the court could proceed with trial, knowing that Weiss knew that he would be required to proceed *pro se* and also knew the possible consequences of being required to represent himself.

Appellant's first assignment of error is well taken.

### Assignments of Error II and III

"II. The verdicts are against the manifest weight of the evidence.

"III. The appellant was denied due process of law and a fair trial due to incidents of prosecutorial misconduct."

As a result of our disposition of Assignment of Error I, these assignments of error are moot and will not be addressed, pursuant to App.R. 12(A)(1)(c).

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, J., concurs.

REECE, J., dissents.

REECE, Judge, dissenting.

There is ample evidence in the record that Weiss was manipulating the criminal justice system. He was not only given adequate time to retain lawyers of his choice, which he was financially able to do, but he repeatedly fired his attorneys at opportune times. He was provided a court-appointed lawyer with

whom he did not consult or even make contact.  He was warned repeatedly by the trial court that his case would go forward after he had been given at least four continuances.

Weiss has a criminal conviction record and is familiar with, and wise to, the ways of the criminal courts.

If there is ever to be a point where a line is drawn between protection and pampering in dealing with criminal defendants, then this is a good place to start.

I would affirm the convictions below.