[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case comes before the court on appeal from a judgment of the Sylvania Municipal Court. Appellant, Gilbert L. Terrell, was, after a jury trial, found guilty of and sentenced for a violation of R.C. 4511.19
(A)(1), operating a motor vehicle while under the influence. Terrell appeals his conviction and asserts the following assignment of error:
 "THE TRIAL COURT ERRED IN PERMITTING APPELLANT TO REPRESENT HIMSELF WITHOUT FIRST CONDUCTING AN ADEQUATE COLLOQUY TO ENSURE THAT HIS WAIVER OF COUNSEL WAS KNOWING [sic] INTELLIGENT AND VOLUNTARY."
On October 24, 1995, appellant was arrested for driving while under the influence of alcohol and for a violation of R.C.4511.25, driving left of center. The second charge was later dismissed.
After several pre-trial conferences, at which appellant requested repeated continuances, appellant's first attorney was permitted to withdraw from the case. Appellant then appeared before the trial court four other times; each time he appeared, he requested a continuance for the purpose of engaging the services of an attorney. Finally, appellant was referred to the public defender's office, and Stanley J. Garrett was appointed as his attorney. In early September 1996, Mr. Garrett withdrew from the case and M. Sean McNulty was appointed to represent Terrell.
On October 29, 1996, the day of trial, at the close of the state's voir dire of potential jury members, appellant indicated he did not want McNulty to defend him because he and Mr. McNulty had not communicated and reviewed "the crucial issues which would clearly win this case easily, hands down." The court observed that Terrell had "more than opportunity for that to occur." Terrell agreed, but insisted that he did not want McNulty as his counsel because he was "not being provided with competent counsel." The court disagreed with this statement. Appellant then stated that he wanted to represent himself and that he had "no problem" with proceeding with the trial.
The municipal court then strongly cautioned appellant that he would be at a disadvantage because of his lack of knowledge as to the legal process. The court encouraged Terrell to retain his current counsel and speak with him during lunch recess. Appellant again insisted "we" are not prepared to proceed in the case and he wanted competent counsel. At that point, the trial judge informed appellant that the trial would proceed and he would have to represent himself. Appellant replied, "Fine." The court stated that if appellant was found guilty, the issue of sentencing would arise. Appellant again replied, "Fine." The court inquired into appellant's educational background learning that Terrell had an associate degree in Criminal Justice and had worked as a Toledo police officer for four and one-half years. The court then asked appellant to review and sign a waiver form. The waiver form provides that the defendant understands his or her right to representation by an attorney and "knowingly, intelligently and voluntarily" waives representation in the present proceeding.
The court then explained the questioning of potential jurors to determine whether they would be impartial and fair and offered appellant the opportunity to participate in voir dire. Next, the judge described the purpose of opening arguments, that is, the presentation of the evidence to be offered at trial. While the court provided the jury, as well as Terrell, with preliminary instructions, including the state's duty to prove its case, the role of the jury, the role of the judge and court procedure during trial, the court never informed appellant of the nature of the charge, a violation of R.C. 4511.19(A)(1), the allowable punishments for this offense, or its defenses.
Appellant gave a long opening argument discussing the evidence of his defenses. For example, appellant asserted he was taking high blood pressure medication that made it appear he was intoxicated, and the trooper who arrested him contaminated his urine sample. The record reveals, however, that appellant's main defense was the fact that his blood alcohol test resulted in a blood alcohol content under the legally prohibited limit.
When appellant testified during the defense's case-in-chief, the prosecutor noted appellant had not been a police officer for twenty years and the law changed during that period. When the prosecutor informed appellant of the fact that, even though his blood alcohol content was under the legal limit, he could be found guilty of driving a motor vehicle under the influence, Terrell replied, "I was mistaken [as to the nature of the charged offense]."
In his sole assignment of error, appellant contends the trial court erred by failing to comply with the requisites mandated by the United States Supreme Court prior to permitting him to act as his own counsel.
Pursuant to the Sixth Amendment, as applied to the states through the Fourteenth Amendment, a criminal defendant may waive the right to counsel and choose self-representation, provided the waiver is voluntary, knowing, and intelligent.Faretta v. California, 422 U.S. 806; State v. Gibson (1976),45 Ohio St.2d 366. To establish an effective waiver of right to counsel, the trial court must make "sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." State v. Gibson, 45 Ohio St.2d at paragraph two of the syllabus. "[T]he determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst (1938), 304 U.S. 458,464.
In Faretta, the United States Supreme Court did not set forth detailed guidelines regarding the information that should be conveyed to a pro se defendant. The court simply stated a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'"Faretta v. California, 422 U.S. at 835, quoting Adams v. UnitedStates ex rel. McCann (1942), 317 U.S. 269, 279.
However, in determining the sufficiency of a trial court's inquiry, many Ohio courts refer to the matters mentioned in Justice Black's plurality opinion in Von Moltke v. Gillies
(1948), 332 U.S. 708. State v. Bayer (1995), 102 Ohio App.3d 172;State v. Weiss (1993), 92 Ohio App.3d 681; State v. Doane (1990),69 Ohio App.3d 638. Justice Black wrote, in pertinent part:
 "* * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. at 724.
This court also follows the standard enunciated in Von Moltke.State v. Nichols (Sept. 12, 1997), Huron App. No. H-97-006, unreported; State v. Edwards (July 12, 1996), Wood App. No. WD-95-091, unreported.
While we can find that the trial court made some attempt to determine whether appellant's waiver of counsel was voluntary, knowing, and intelligent, the court totally failed to inform appellant of the nature of the charge and the allowable punishments for that charge. R.C. 4511.19(A)(1), operating under the influence, and R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited blood alcohol content, are two separate offenses having different elements. The court did not tell appellant that he was charged with a violation of R.C. 4511.19(A)(1) and the nature of the evidence required to prove this charge. Therefore, appellant proceeded under the mistaken belief that he could not be found guilty of the crime charged due to the results (.034 of one gram per two hundred ten liters of his breath and .041 of one gram per two hundred ten liters of breath) of his blood alcohol test, and he cross-examined witnesses to this effect. Under these circumstances, we are compelled to find appellant's waiver of counsel was not voluntary, knowing, or intelligent. Accordingly, appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds appellant was prejudiced and prevented from having a fair trial. The judgment of the Sylvania Municipal Court is reversed, and this cause is remanded to that court for proceedings consistent with this judgment. Appellee, the state of Ohio, is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.