JOURNAL ENTRY AND OPINION
Defendant-appellant Myron Phillips appeals from his convictions following guilty pleas in three separate cases. Defendant pled guilty to drug abuse (CR-325464), aggravated assault (CR-325822) and murder with a firearm specification (CR-326080) Defendant claims his guilty pleas were not knowingly and intelligently entered because he did not waive the presence of his counsel; the court failed to inform him of his right to compulsory process; and he did not receive effective assistance of counsel. We find no error and affirm.
Defendant pled guilty in the three separate cases on October 18, 1995. He was sentenced that same day. He had separate attorneys on the three cases. Defendant's two attorneys on his murder case were present and defendant waived the presence of his attorneys on his other two cases. (Tr. 5-7). The trial court informed defendant of his rights pursuant to Crim.R. 11(C) prior to accepting his guilty pleas. (Tr. 7-12)
The trial court indicated on the record that defendant was represented by counsel and freely and voluntarily waived his constitutional rights and entered a plea of guilty in each of the cases.
Defendant was sentenced to three years for the use of a firearm consecutive to fifteen years to life on the murder conviction in CR-326080. He was sentenced to one year in CR-325464 (drug abuse) to be served concurrent with CR-326080. In CR-325822 (aggravated assault), defendant was sentenced to two years also to be served concurrently with CR-326080 and CR-325464.
We will address defendant's assignments of error in the order asserted.
 I. THE PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE AS THE APPELLANT DID NOT WAIVE THE PRESENCE OF HIS OWN COUNSEL.
Defendant argues that the record fails to indicate the defendant waived his right to counsel as required by Criminal Rules 22 and 44. This assignment of error has no merit.
Crim. R. 22, in part, requires that all proceedings in serious offense cases be recorded. Crim.R. 44 deals with the assignment of counsel and states in pertinent part:
 (A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
* * *
 (C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
In the case herein, the defendant was not waiving his right to counsel. He was simply agreeing to have the attorneys representing him on the aggravated murder charge also represent him on his assaulting a peace officer and drug possession charges. He was therefore not proceeding without counsel. The following statement was made on his behalf by one of his attorneys assigned to him for his aggravated murder charge:
 MR. D'ANGELO: Your Honor, we have discussed this case with our client with respect to all three cases (sic) numbers. We have — and before I proceed, your Honor, it's my understanding that in Case Number 325464, our client has been assigned Attorney Scott Balou, and in Case Number 325822, he is assigned Attorney Jeff Kelleher.
 Our client has advised us, your Honor, that he is willing to waive their presence and to ask this Court for Mr. Friedman and myself to effectuate these pleas and sentences in both those case numbers and the homicide case.
 Your Honor, with respect to all three case numbers, we have advised him of his Constitutional Rights. We have advised him of the facts that the prosecution would set forth if this case proceeded to trial. * * *.
 COURT: Let the record reflect that the Court is aware of the fact that Attorney Kelleher and Attorney Balou are on the other two cases, and I believe Mr. Kelleher is in trial in another room and certainly the Court believes that both Mr. DiAngelo (sic) and Mr. Friedman, being extremely competent criminal attorneys, will be more than capable of representing defendant in the other two cases, especially since the main case before the Court is 326080, the aggravated murder charge, to which they are assigned. (Emphasis added.)
(Tr.6-7). It is clear from this dialogue that defendant did not waive his right to counsel, but simply chose to have other counsel represent him in the other two cases before the court.
The strict requirements imposed by the rules in order for the trial court to accept a defendant's waiver of counsel assure that the defendant who elects to conduct his own defense has some sense of the magnitude of the undertaking and the hazards inherent in self-representation. State v. Ebersole (1995),107 Ohio App.3d 288, 294; State v. Weiss (1993), 92 Ohio App.3d 681,684; State v. Doan (1990), 69 Ohio App.3d 638, 646. Since defendant had not undertaken to represent himself, the waiver rules do not apply.
Defendant's Assignment of Error I is overruled.
 II. THE TRIAL COURT FAILED TO INFORM THE APPELLANT OF HIS RIGHT TO COMPULSORY PROCESS.
The defendant argues the word "summons" should not have been used by the trial court when informing defendant of his rights pursuant to Crim.R. 11. The defendant suggests that the trial court should have used the word "subpoena" in informing the defendant of his right to compulsory process of witnesses.
The trial court informed the defendant:
 THE COURT: You have the right to summon and call witnesses to testify for you should you so desire. Do you understand that?
THE DEFENDANT: Yes, your Honor.
Crim.R. 11(C)(2) requires, in part:
 (C) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor. * * *.
Although "subpoena" may have been a more precise legal term in explaining defendant's right to compulsory process for obtaining witnesses, the Ohio Supreme Court only requires that constitutional rights be explained in "a manner reasonably intelligible to the defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of syllabus.
We find the trial court clearly informed defendant at the time of his plea of his right to call witnesses to testify on his behalf, and that the defendant was not confused by the terminology. Defendant stated on the record he understood.
Defendant's Assignment of Error II is overruled.
 III. THE APPELLANT'S PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE.
The defendant argues that the plea was not knowingly and intelligently made because he did not understand what murder was; he did not know it was a felony; he did not know what degree the felony was; and he did not know the code section.
Although the trial court initially read the charge as aggravated murder, defendant's counsel informed the court that the charge was reduced to murder and the court correctly read the charge as murder.
The record indicates that the trial court informed defendant that murder was punishable by fifteen years to life consecutive to three years for the firearm specification. (Tr. 10). Defendant was asked if he understood that and he indicated he did. (Tr. 10).
The trial court also read the charge of murder asking the defendant if he was guilty on June 19, 1995 in the County of Cuyahoga of unlawfully and purposely causing the death of another, to-wit: Michael Nelson, and that he had a firearm on or about his person or under his control while committing that offense. (Tr. 13). The trial court was sufficiently specific as to the elements of the charge of murder. The courts of this State have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a). State v.Swift (1993), 86 Ohio App.3d 407, 412.
Defendant fails to indicate why the plea to murder was not knowingly and intelligently made. The record is clear that Crim.R. 11(C) was complied with. (Tr. 12-15).
Defendant's Assignment of Error III is overruled.
 IV. THE APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.
The defendant claims counsel was ineffective because counsel failed to put any mitigating factors on the record. Defendant ignores the fact that he received the only sentence he could under the law, i.e., fifteen years to life for murder pursuant to R.C. 2929.02.
The time given on his other two cases was run concurrently with the sentence on the murder case. Therefore, the defendant was not prejudiced by trial counsel's alleged ineffectiveness. The trial court could have sentenced the defendant to consecutive sentences, but did not.
Defendant fails to indicate how he could have possibly been given less time than the statutory sentence he received or what mitigating circumstances existed. Trial counsel was not ineffective and defendant was not prejudiced in any way by their representation.
Defendant's Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., and KARPINSKI, J., CONCUR.
 _________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE