OPINION
Appellant Joseph Drake appeals the decision of the Perry County Court that denied his request for appointment of counsel and request for a continuance of his trial date. The following facts give rise to this appeal. On August 3, 2000, appellant appeared for arraignment, in Perry County Court, for one count of operating a motor vehicle while under the influence of alcohol, one count of operating a motor vehicle with fictitious registration and one count of failure to display an operator's license. Appellant entered a plea of not guilty to the charges. At the arraignment, the trial court informed appellant that he was entitled to court-appointed counsel in the event he was found to be indigent. On this same date, appellant was provided with an affidavit to determine his eligibility for court-appointed counsel. Appellant never returned the affidavit to the trial court. This matter proceeded to trial on August 31, 2000. Appellant appeared for trial without counsel. Prior to the commencement of trial, appellant requested a continuance in order to obtain court-appointed counsel. Appellant stated that he misplaced the affidavit provided to him at his arraignment. The trial court overruled appellant's request for a continuance and proceeded with the trial. The trial court found appellant guilty of operating a motor vehicle under the influence of alcohol and operating a motor vehicle with fictitious registration. The trial court found appellant not guilty of failure to display an operator's license. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO COUNSEL, AS GOVERNED BY CRIMINAL RULE 44.
 II. THE TRIAL COURT'S DENIAL OF DEFENDANT'S REQUEST TO CONTINUE THE TRIAL WAS AN ABUSE OF DISCRETION.
 I
In his First Assignment of Error, appellant contends he was denied his constitutional right to counsel. We agree. Pursuant to the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has a right to counsel. A criminal defendant may waive this right either expressly or impliedly from the circumstances of the case. State v. Weiss (1993),92 Ohio App.3d 681, 685. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson (1976), 45 Ohio St.2d 366, paragraph two of the syllabus. In order to have a valid waiver, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself, and also, that there are dangers inherent in self-representation. State v. Ebersole (1995), 107 Ohio App.3d 288, 293, citing Faretta v. California (1975), 422 U.S. 806, 814. In the Gibson case, the Ohio Supreme Court applied the test set forth in Von Moltke v. Gillies (1948), 332 U.S. 708, which established the requirements for a sufficient pretrial inquiry by the trial court with respect to a waiver. The Court stated: To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. Id. at 724.
This type of inquiry is necessary "* * * even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases." Weiss at 685, citing United States v. Allen (C.A. 10, 1990), 895 F.2d 1577, 1579. However, even if the defendant continues with his or her delay tactics, following the type of inquiry discussed above, the trial court may proceed to trial with the knowledge that the defendant knows the gravity of his decision to proceed pro se. Weiss at 685-686, citing United States v. McMann (C.A.2, 1967), 386 F.2d 611, 618-619. Crim.R. 44 also addresses the appointment of counsel and waiver of counsel. This rules provides, in pertinent part: (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 (C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
Strict compliance with Crim.R. 44 is not required so long as the substance and spirit of that rule have been followed. Ebersole at 293, citing State v. Overholt (1991), 77 Ohio App.3d 111, 115. "However, even where the waiver of counsel is implied, there must be a pretrial inquiry as to the waiver of the right to counsel." State v. Glasure (1999),132 Ohio App.3d 227, 236. "To infer a waiver, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." Id., citing Johnson v. Zerbst (1938), 304 U.S. 458, 464. The record in the case sub judice reveals the following concerning appellant's waiver of counsel. On August 3, 2000, appellant appeared for his arraignment. At that time, the trial court judge explained, to all those present for their arraignment, that "[t]hose * * * charged with those offenses are entitled to a (sic) court appointed counsel in the event the court deems you to be indigent or unable to afford and (sic) attorney. * * * Those of you charged with minor misdemeanors (sic) offenses are not entitled to court appointed counsel * * *." Tr. Arraignment, Aug. 3, 2000, at 2. The record indicates no discussion between appellant and the trial court, at the arraignment, regarding appellant's ability to retain counsel. The issue of counsel is not raised again, on the record, until the day of trial. Appellant appeared for trial on August 31, 2000. Prior to the State of Ohio calling its first witness, appellant stated:
 Defendant: Your honor, you see I was going to get a court appointed attorney. "Inaudible" I could take it and fill out the rest of it, you know with my bills and this and that you know. Well I lost the papers "inaudible" I come (sic) to get another paper so I can (sic) fill out so I could still get an (sic) court appointed attorney. They said I had to wait until today in order to do that.
 Judge: Mr. Drake I am not continuing this matter. It is scheduled for trial (sic) today is when it was set and it is going. That was August the 3rd this is August 31st. We are going to go ahead to trial. Tr. Trial, Aug. 31, 2000, at 1.
The trial court was clearly frustrated with what it may have perceived to be a delay tactic by appellant and therefore, concluded that appellant impliedly waived his right to counsel. However, it was still necessary for the trial court to determine whether appellant impliedly waived his right to counsel knowingly, intelligently and voluntarily. There is no discussion, on the record, concerning appellant's background, experience, and conduct. The trial court also did not make appellant aware of the consequences of his failure to submit the financial statement and affidavit of indigency. Accordingly, we conclude appellant was denied his right to counsel. Appellant's First Assignment of Error is sustained.
We vacate appellant's conviction and remand this matter to the trial court for proceedings consistent with this opinion. Appellant's Second Assignment of Error is moot based upon our disposition of appellant's First Assignment of Error.
For the foregoing reasons, the judgment of the Perry County Court, Perry County, is hereby vacated and remanded fo proceedings consistent with this opinion.
 ________ Wise, J.
Hoffman, P.J., and Boggins, J., concur.