OPINION
{¶ 1} Appellant Robert Allison appeals his conviction, in the Mount Vernon Municipal Court, Knox County, for five counts of theft by deception, on the basis that he did not knowingly, intelligently and voluntarily waive his right to counsel. The following facts give rise to this appeal.
 {¶ 2} In early 2003, five separate complaints were filed against appellant each charging him with theft by deception. On May 12, 2003, the public defender assigned to appellant's case filed a plea of not guilty by reason of insanity. On June 6, 2003, the trial court ordered appellant to undergo a psychological examination at a local mental health agency. Following the psychological examination, the trial court conducted status conferences on September 9, 2003, September 22, 2003, October 6, 2003 and November 10, 2003.
 {¶ 3} As a result of the psychological examination and the status conferences, the trial court found appellant competent to stand trial. During the status conferences, appellant indicated that he would rather represent himself than have to work with the Knox County Public Defender. Specifically, appellant sent a letter to his public defender, Attorney Fred Mayhew, and indicated that he did not wish for Attorney Mayhew to continue to represent him in this matter. Upon receipt of this letter, Attorney Mayhew filed a motion to withdraw as counsel for appellant.
 {¶ 4} The trial court initially denied Attorney Mayhew's request to withdraw due to the scheduled competency hearing. The trial court conducted a competency hearing on October 6, 2003. Although Attorney Mayhew was present at the competency hearing, he did not offer any comments. At the conclusion of the hearing, the trial court found appellant competent to stand trial and scheduled this matter for trial on November 13, 2003. The trial court also permitted Attorney Mayhew to withdraw as counsel for appellant following a discussion with him.
 {¶ 5} This matter proceeded to trial as scheduled. On the day of trial, appellant changed his plea and entered a plea of guilty to all five counts. The trial court scheduled a pre-sentence investigation. On December 2, 2003, appellant appeared for sentencing. The trial court sentenced appellant to a total of 540 days in jail. Appellant filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. Robert allison was deprived of his right to counsel under the sixth and fourteenth amendments to the united states constitution and section 10, article i of the ohio constitution when the trial court failed to properly inquire into whether Mr. Allison knowingly, intelligently, and voluntarily waived his right to counsel and whether he knowingly, intelligently, and voluntarily asserted his right to self-representation."
 I {¶ 7} In his sole assignment of error, appellant contends the trial court failed to determine whether appellant knowingly, intelligently and voluntarily waived his right to counsel. We disagree.
 {¶ 8} The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self representation and that he may proceed to defend himself without counsel when he voluntarily, knowingly and intelligently elects to do so. Statev. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806,819. A criminal defendant may waive his or her right to counsel either expressly or impliedly from the circumstances of the case.State v. Weiss (1993), 92 Ohio App.3d 681, 684. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." Gibson at paragraph two of the syllabus.
 {¶ 9} In the Gibson case, the Ohio Supreme Court explained what constitutes a "sufficient inquiry" into a criminal defendant's waiver of his right to counsel. The Court stated:
 {¶ 10} "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments hereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at 377.
 {¶ 11} In the case sub judice, the following colloquy occurred between appellant and the trial court:
 {¶ 12} "THE COURT: Well Mr. Allison, you've made some general — wild generalizations, unsubstantiated by any facts about this counsel. I've known the public defender for many, many years, and I think that office and that attorney does an excellent job. Till you provide me with some facts that can provide some — cast some cloud on my, on my vision or my understanding and my feelings about their competence and their ability to handle criminal defense matter, they are the office that's going to be representing you if you have public counsel.
 {¶ 13} "MR. ALLISON: Well I'll represent myself then.
 {¶ 14} "THE COURT: You'll represent yourself. You're gonna waive your right to have the public defender represent you.
 {¶ 15} "MR. ALLISON: I don't want him here. I don't want nothin' to do with him.
 {¶ 16} "THE COURT: Okay. Okay. And you'll be here at 9 o'clock, Thursday morning, ready to proceed in all five of these criminal charges. Now Mr. Allison, I believe all of these charges are First Degree Misdemeanors. Each can carry a fine of up to One Thousand Dollars and up to six months in jail.
 {¶ 17} "MR. ALLISON: Yeah.
 {¶ 18} "THE COURT: You understand that?
 {¶ 19} "MR. ALLISON: Oh yes.
 {¶ 20} "THE COURT: And you want to proceed without competent counsel representing you?
 {¶ 21} "MR. ALLISON: That's right.
 {¶ 22} "THE COURT: You wanna proceed — you want to waive your right to counsel in these proceedings on Thursday?
 {¶ 23} "MR. ALLISON That's right. If I gotta be saddled with him, I'd rather be without.
 {¶ 24} "THE COURT: Alright. The public defender's office has filed a Motion to Withdraw. That Motion is granted. We will proceed —" Tr. at 26-27.
 {¶ 25} Based upon the above, we conclude appellant voluntarily, knowingly and intelligently waived his right to counsel. Specifically, the trial court explained to appellant the nature of the charges against him and the possible penalties upon conviction. Further, the trial court inquired into appellant's reason for representing himself. As such, we conclude the trial court complied with the mandates of Gibson.
 {¶ 26} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed.
Costs assessed to appellant.