OPINION *Page 2 
{¶ 1} Appellant Everett Blankenship appeals from his conviction, in the Perry County Court of Common Pleas, on one count of gross sexual imposition. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 27, 2005, the Perry County Grand Jury indicted appellant on one count of gross sexual imposition, R.C. 2907.05(A)(4), a felony of the third degree.
 {¶ 3} At his arraignment, appellant claimed indigent status and requested court-appointed counsel. As a result, Attorney Mitchell Marczewski was appointed to represent appellant.
 {¶ 4} The matter was set for a jury trial on November 21, 2005. Prior to the presentation of evidence on that date, Attorney Marczewski informed the court in chambers that appellant wished to proceed pro se. After some discussion between the judge, appellant, and Mr. Marczewski, as further analyzed infra, the court ordered that appellant could represent himself. Mr. Marczewski was directed by the judge to serve as standby defense counsel.
 {¶ 5} After voir dire and the seating of the jury, the trial proceeded. At the close of all of the evidence, the trial court instructed the jury on the offense of gross sexual imposition. The jury thereafter returned a verdict of guilty on said charge. Appellant was sentenced to a prison term of three years and was determined to be a sexual predator. A judgment entry of sentence was issued on December 22, 2005.
 {¶ 6} On June 29, 2006, appellant successfully obtained leave from this Court to file a delayed appeal. He herein raises the following two Assignments of Error: *Page 3 
 {¶ 7} "I. EVERETT BLANKENSHIP WAS DEPRIVED OF HIS RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO PROPERLY INQUIRE INTO WHETHER MR. BLANKENSHIP KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS RIGHT TO COUNSEL AND WHETHER HE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ASSERTED HIS RIGHT TO SELF-REPRESENTATION.
 {¶ 8} "II. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED MR. BLANKENSHIP'S RIGHT TO DUE PROCESS WHEN IT FAILED TO DEFINE THE APPROPRIATE MENS REA FOR THE CRIME OF GROSS SEXUAL IMPOSITION IN THE JURY INSTRUCTIONS."
 I. {¶ 9} In his First Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by insufficiently inquiring into his waiver of trial counsel. We agree.
 {¶ 10} The Sixth Amendment, made applicable to the States through theFourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self representation, and that he may proceed to defend himself without counsel when he voluntarily, knowingly, and intelligently elects to do so. State v. Gibson (1976),45 Ohio St.2d 366, 377, 345 N.E.2d 399, citing Faretta v. California (1975),422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. *Page 4 State v. Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47. An effective waiver of counsel requires the trial court to ". . . make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." Gibson, supra, at paragraph two of the syllabus.
 {¶ 11} In Gibson, the Ohio Supreme Court further explained what constitutes a "sufficient inquiry" into a criminal defendant's waiver of his right to counsel: "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at 377, 345 N.E.2d 399. (Citation omitted).
 {¶ 12} In the case sub judice, the colloquy between the trial judge and appellant took place as follows:
 {¶ 13} "The Court: * * * Mr. Blankenship, you understand that Mr. Marczewski's been appointed to represent you in this matter —
 {¶ 14} "The Defendant: Yeah.
 {¶ 15} "The Court: — at the cost of the State? And it's my understanding that you would rather waive your right to have — have him represent you; is that right? *Page 5 
 {¶ 16} "The Defendant: I don't want him as my attorney. He's talked to me three times and all three times he's tried to get me to plead guilty. All three times all the man's done is tried to get me to plead guilty. He told me he don't think I can win this case. I can't go to court with a guy like that.
 {¶ 17} "The Court: You understand the case is set today for trial and it's not — it's not probably to your benefit to not have Marczewski — Mr. Marczewski at least available to you? So you understand, the case is going to go forward here today.
 {¶ 18} "The Defendant: It has to go forward but it's not going to go with him.
 {¶ 19} "The Court: It's your desire to represent yourself?
 {¶ 20} "The Defendant: I don't think I should represent myself, I should have an attorney, but I don't want it to be him.
 {¶ 21} "The Court: You understand there's not going to be any change made at this point in the proceedings? So you either have Mr. Marczewski or you can go forward by yourself. It's up to you.
 {¶ 22} "The Defendant: So you're denying me an attorney?
 {¶ 23} "The Court: You've got an attorney.
 {¶ 24} "The Defendant: I don't want this attorney.
 {¶ 25} "The Court: That's the one that's been appointed, so that's your choice.
 {¶ 26} "The Defendant: Then you're denying me an attorney?
 {¶ 27} "The Court: According to you. So is it your desire then not to have Mr. Marczewski asking questions?
 {¶ 28} "The Defendant: I don't want him as my attorney, no. *Page 6 
 {¶ 29} "The Court: Okay. And then without Mr. Marczewski then you would be required to go forward on your own.
 {¶ 30} "The Defendant: That's up to you.
 {¶ 31} "The Court: All right. You don't have to ask any questions, you don't have to do anything, but you have the right to do that.
 {¶ 32} "The Defendant: Well, that's up to you.
 {¶ 33} "The Court: Mr. Marczewski will be available to you. He'll be seated in the first row of the gallery. At any time you have any questions for him you can ask him those questions.
 {¶ 34} "The Defendant: I don't want him — I won't ask him any questions. I don't want him to represent me.
 {¶ 35} "The Court: You're not required to ask him anything, but that'll be up to you. All right?
 {¶ 36} "So you understand how we're going to proceed, first thing we do is go forward, pick a jury, and we're going to go from there.
 {¶ 37} "The Defendant: That's up to you.
 {¶ 38} "The Court: Okay then.
 {¶ 39} "Mr. Marczewski, you sit in the first row in case Mr. Blankenship ever has any questions at any point in the proceedings so he can —
 {¶ 40} "The Defendant: I want it on the record that he is not my attorney —
 {¶ 41} "Mr. Marczewski: Okay.
 {¶ 42} "The Defendant: — and I'm going to court under protest without an attorney. *Page 7 
 {¶ 43} "The Court: All right. Well, he'll be available to you if you change your mind at any point in the proceedings.
 {¶ 44} "The Defendant: I'm not going to change my mind.
 {¶ 45} "The Court: Okay. All right. We'll go forward and start from there. Thank you." Tr. at 5-8.
 {¶ 46} It is well-established that while a criminal defendant has the right to court-appointed counsel, such defendant is not entitled to his or her choice of appointed counsel. See Thurston v. Maxwell (1965),3 Ohio St.2d 92, 209 N.E.2d 204. Had the trial court in the case sub judice directed appellant to proceed in normal fashion with Mr. Marczewski as his counsel, we would review that decision on an abuse of discretion basis, as the basic grant or denial of a defendant's request for new court-appointed counsel rests within the sound discretion of the trial court. See State v. Dotson, Washington App. No. 99CA33, 2001-Ohio-2507, citing State v. Coleman (1988), 37 Ohio St.3d 286, 292,525 N.E.2d 792. Here, however, the court also decided that appellant would essentially proceed on a pro se basis, with Mr. Marczewski as standby counsel. Thus, although we recognize such last-minute requests often test the patience of trial courts and prosecutors ready to proceed, the colloquy requirements of Gibson must apply.
 {¶ 47} Upon review of the record, we are unable to conclude that appellant was advised by the trial court of the dangers of self-representation or that appellant was at least made aware of the nature of the charges against him, the range of allowable punishments and the possible defenses to the charges. We therefore hold that appellant *Page 8 
did not effectuate a valid waiver of his right to counsel under the circumstances of this case.
 {¶ 48} Appellant's First Assignment of Error is sustained, and the matter will be remanded for a new trial.
 II. {¶ 49} In his Second Assignment of Error, appellant challenges, on a plain error basis, the mens rea component of the jury instructions.
 {¶ 50} Based on our decision in regard to appellant's First Assignment of Error, issues pertaining to alleged defects in the jury instructions are rendered moot. An appellate court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky (1990),66 Ohio App.3d 395, 397, 584 N.E.2d 75.
 {¶ 51} We therefore decline to address appellant's Second Assignment of Error.
 {¶ 52} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby reversed and remanded for a new trial.
Wise, J. Gwin, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs to the State of Ohio. *Page 1