[Cite as *State v. Brown*, 2022-Ohio-2655.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 21AP0006 |
| ETHAN BROWN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Morgan County Court of
                             Common Pleas, Case No. 21CR0011

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 2, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK J. HOWDYSHELL                    EVAN N. WAGNER
Prosecuting Attorney                  3970 Brown Park Drive, Suite B
Morgan County, Ohio                   Hillard, Ohio 43026

JANNA C. WOODBURN
Assistant Prosecuting Attorney
Morgan County, Ohio
19 East Main Street
McConnelsville, Ohio 43756

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Ethan Brown appeals his indefinite sentence of 11-15 years entered by the Morgan County Court of Common Pleas, on one count of failure to comply and two counts of felonious assault, after the trial court accepted his guilty pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On February 12, 2021, the Morgan County Grand Jury indicted Appellant on one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2931.331(B)(C)(1)(5)(a)(i)(ii), a felony of the third degree (Count 1); one count of assault on a peace officer, in violation of R.C. 2903.12(A)(C)(5), a felony of the fourth degree (Count 2); and two counts of felonious assault, in violation of R.C. 2903.11(A)(2), felonies of the second degree (Counts 3 and 4). Appellant appeared without counsel for arraignment on March 10, 2021. The trial court entered a plea of not guilty on Appellant's behalf. Subject to his filing an application for appointed counsel and financial affidavit, the trial court found Appellant to be indigent and appointed Attorney Beau Cross to represent him.

**{¶3}** The trial court conducted an initial pretrial hearing on May 26, 2021, and a final pretrial hearing on July 21, 2021. The matter was scheduled for jury trial on August 19, 2021. Due to an older case taking priority on the trial court's docket, the jury trial in the instant matter was continued until October 7, 2021.

**{¶4}** On October 5, 2021, Appellant appeared before the trial court with Attorney Cross. Attorney Cross advised the trial court Appellant would be withdrawing his former

[1] A Statement of the Facts underlying Appellant's convictions is unnecessary to our disposition of this Appeal.

plea of not guilty and be entering guilty pleas to Counts 1, 3, and 4 of the Indictment. In exchange for the guilty pleas, the state agreed to dismiss Count 2. The state confirmed the agreement. After conducting a Crim. R. 11 colloquy with Appellant, the trial court accepted his pleas and found him guilty of Counts 1, 3, and 4 of the Indictment.

{¶5} Prior to the sentencing hearing, Appellant and the state filed sentencing memoranda in support of their respective positions. The trial court conducted a sentencing hearing on October 27, 2021. Three law enforcement officers involved in effectuating Appellant's arrest provided statements to the trial court. The state and counsel for Appellant made sentencing recommendations to the trial court. The trial court found Appellant remorseful for his conduct. The trial court sentenced Appellant to an indefinite, aggregate term of incarceration of 11 – 15 years. The trial court ordered Appellant's sentence to run concurrently with a sentence Appellant was serving on Muskingum County convictions, which arose from the same events.

{¶6} The trial court memorialized Appellant's sentence via Sentencing Entry filed October 28, 2021.

{¶7} It is from his sentence Appellant appeals, raising the following assignments of error:


I. THE TRIAL COURT VIOLATED MR. BROWN'S FEDERAL CONSTITUTIONAL RIGHT TO COUNSEL.

II. THE TRIAL COURT VIOLATED MR. BROWN'S STATE CONSTITUTIONAL RIGHT TO COUNSEL.

III. THE TRIAL COURT DID NOT COMPLY WITH CRIM. R. 44.

IV. MR. BROWN'S FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BECAUSE TRIAL COUNSEL ADVISED MR. BROWN TO REJECT A FAVORABLE PLEA BARGAIN.

V. MR. BROWN'S STATE CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BECAUSE TRIAL COUNSEL ADVISED MR. BROWN TO REJECT A FAVORABLE PLEA BARGAIN.

## I, II, III

**{¶8}** We elect to address Appellant's first, second, and third assignments of error together. In his first and second assignments of error, Appellant contends the trial court violated his federal and state constitutional rights to counsel. In his third assignment of error, Appellant asserts the trial court failed to comply with Crim. R. 44.

**{¶9}** "It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, as well as a right to act as his own counsel during trial, if he so chooses." *State v. Smallwood*, 6th Dist. Lucas No. L-19-1116, 2020-Ohio-5556, ¶ 8, citing *State v. Harris*, 6th Dist. Erie No. E-02-019, 2003-Ohio-5190, ¶ 23, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But "before a defendant may serve as his own counsel, the defendant must knowingly, intelligently, and voluntarily waive his right to assistance of counsel." *Id.*, citing *State v. Weiss*, 92 Ohio App.3d 681,

684, 637 N.E.2d 47 (1993). Under Crim.R. 44(C), "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." *Id.*

{¶10} "The arraignment signals 'the initiation of adversary judicial proceedings' and thus the attachment of the Sixth Amendment." *State v. Tyler*, 6th Dist. Lucas No. L–06–1326, 2010–Ohio–1368, ¶ 11 (Citations omitted). As such, we find the errors about which Appellant complains are constitutional errors. We, therefore, must determine the type of constitutional error in order to properly review these assignments of error.

{¶11} Recently, in *State v. Montgomery*, -- Ohio St.3d --, 2022-Ohio-2211, -- N.E.3d --, the Ohio Supreme Court analyzed the two types of constitutional error:

> In general, " 'a constitutional error does not automatically require reversal of a conviction.' " *Weaver v. Massachusetts*, —— U.S. ——, 137 S.Ct. 1899, 1907, 198 L.Ed.2d 420 (2017), quoting *Fulminante* at 306, 499 U.S. 279, 310, 111 S.Ct. 1246. For purposes of determining whether a conviction should be reversed, the Supreme Court has divided constitutional errors into two classes: "trial errors," which are reviewable for harmless error, and "structural errors," which are per se cause for reversal. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, citing *Fulminante* at 306-312, 111 S.Ct. 1246, and *State v. Esparza*, 74 Ohio St.3d 660, 661, 660 N.E.2d 1194 (1996). Most constitutional errors are trial errors. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Trial errors occur during " 'presentation of the case to the jury' and their effect may 'be quantitatively assessed in the

context of other evidence presented in order to determine whether [they were] harmless beyond a reasonable doubt.' " (Brackets sic.) *Id.*, quoting *Fulminante* at 307-308, 499 U.S. 279, 310, 111 S.Ct. 1246. A constitutional trial error is harmless when the state demonstrates " 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " *Weaver* at ——, 137 S.Ct. at 1907, quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

On the other hand, a constitutional error is structural when it affects the framework in which the trial is conducted, rather than simply being an error in the trial process itself. *State v. Jones*, 160 Ohio St.3d 314, 2020-Ohio-3051, 156 N.E.3d 872, ¶ 20. " 'The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial.' " *Id.* at ¶ 21, quoting *Weaver* at ——, 137 S.Ct. at 1907, 198 L.Ed.2d 420. Structural errors defy analysis under harmless-error standards, *id.* at ¶ 20, and the effect of these errors is unquantifiable in the context of an entire trial, *Gonzalez-Lopez* at 150, 126 S.Ct. 2557.

In *Weaver,* the Supreme Court identified three broad rationales for finding that a constitutional error is structural. *Weaver* at ——, 137 S.Ct. at 1908. A constitutional error has been deemed structural when the right that is violated protects an interest other than protecting the defendant from erroneous conviction, like an accused's fundamental right to conduct his own defense and direct the manner in which he protects his own liberty. *Id.,*

citing *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Supreme Court has deemed a constitutional error structural when the effects of the error are too difficult to measure. *Weaver,* —— U.S. ——, 137 S.Ct. at 1908. "For example, when a defendant is denied the right to select his or her own attorney, the precise ' "effect of the violation cannot be ascertained." ' " *Id.*, quoting *Gonzalez-Lopez*, 548 U.S. at 149, 126 S.Ct. 2557, 165 L.Ed.2d 409, fn. 4, quoting *Vasquez v. Hillery*, 474 U.S. 254, 263, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). As a practical matter, in regard to this type of error, the government will find it almost impossible to show that the error was harmless beyond a reasonable doubt. *Id.*

Finally, a constitutional error has been deemed structural when it always results in a trial that is fundamentally unfair. *Id.* For example, a trial court's failure to give a reasonable-doubt instruction always results in a trial that is fundamentally unfair. *Id.*, citing *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The rationales for why an error is deemed structural are not rigid, and more than one may explain why an error is ultimately held to be structural. *Id.* Constitutional errors that have been deemed structural have included the presence of a biased judge, *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); the introduction of a coerced confession, *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958); and the unlawful exclusion of members of the defendant's race from a grand jury, *Hillery*. These errors permeated the

"entire conduct of the trial from beginning to end," *Fulminante*, 499 U.S. at 310, 111 S.Ct. 1246, 113 L.Ed.2d 302, and "[w]ithout these basic [constitutional] protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence," *Rose v. Clark*, 478 U.S. 570, 577-578, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), citing *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

> *Id.* at ¶¶ 25-29.

**{¶12}** While we find the trial court erred by entering a not guilty plea on Appellant's behalf at his arraignment when Appellant was not represented by counsel, we find such error does not comport with the traditional characteristics of a structural error as the error did not "affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself" nor did the error "permeate [t]he entire conduct of the trial from beginning to end' so the criminal trial cannot 'reliably serve its function as a vehicle for determination of guilt or innocence." See, *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 25 (Internal quotations and citations omitted). Because the trial court entered a not guilty plea on Appellant's behalf and his change of plea was negotiated thereafter by his appointed counsel, we find any error was harmless beyond a reasonable doubt.

**{¶13}** Appellant's first, second, and third assignments of error are overruled.

IV, V

**{¶14}** Because Appellant's fourth and fifth assignments of error require similar analysis, we shall address said assignments together.  In his fourth and fifth assignments

of error, Appellant argues he was denied his federal and state constitutional rights to the effective assistance of trial counsel as trial counsel advised him to reject a favorable plea bargain.

{¶15} When a defendant enters a plea of guilty, he "waives a claim of ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary." *State v. Mohammad Khoshknabi*, 8th Dist. No. 106117, 2018-Ohio-1752, 111 N.E.3d 813, ¶ 29, citing *State v. Vinson*, 8th Dist. No. 103329, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30; *State v. Williams*, 8th Dist. No. 100459, 2014-Ohio-3415, ¶ 11. After a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim by demonstrating (1) that counsel's performance fell below an objective standard of reasonable representation, "that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary" and (2) "that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have plead guilty * * * and would have insisted on going to trial." *Id.*, (Citations omitted).  A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.*, quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989), quoting *Strickland*, supra at 697.

{¶16} In the instant matter, Appellant does not argue, much less demonstrate, his guilty plea was not knowingly, intelligently, and voluntarily entered. Nor does Appellant

argue trial counsel's advice to reject the state's offer caused his guilty plea to be less than knowing, intelligent, and voluntary.

{¶17} At the change of plea hearing on October 5, 2021, the trial court warned Appellant, "the judge alone * * * decides your sentence. Irregardless of anything that either counsel has said, I'm not obligated to follow any of their recommendations, although in this case there is not a joint recommendation, but you understand that I, and I alone, within the law will be deciding your sentence?" Tr. Oct. 5, 2021 Plea Hearing at 9. When asked if he understood, Appellant answered in the affirmative. The trial court then advised Appellant of the potential prison terms for each offense. The trial court added, "because of the nature of [Count 1] that if a prison term is imposed it is to be served consecutively to the – any other prison imposed in the other offenses." *Id.* at 10. The record reflects Appellant understood he could be facing the maximum penalties for each offense.

{¶18} We find, on this record, Appellant is unable to satisfy the second, or "prejudice," prong of the *Strickland* test. Once Appellant rejected the state's offer, the trial court was not required to impose that sentence.[2]

---

[2] Appellant's claim his counsel was ineffective for recommending he reject the state's plea offer is not supported by the record presently before this Court.

**{¶19}** Appellant's fourth and fifth assignments of error are overruled.

**{¶20}** The judgment of the Morgan County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur